UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GREGORY ZANDERS and JAMES TEN,

                Plaintiffs,

- against -

MESIVTA CHAIM SHLOMO OF YESHIVA DARCHEI
TORAH, CONGREGATION DARCHEI TORAH,
YESHIVA DARCHEI TORAH, INC. and YESHIVA
DARCHEI TORAH.

                Defendants.
------------------------------------------------------------x

(S.I.)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.

★ SEP 17 2003

**COMPLAINT**

LONG ISLAND OFFI[CE]

CV 03 4731

Plaintiff demands a trial by jury.

BLOCK, J

ORIGINAL

POLLAK, M

Plaintiffs GREGORY ZANDERS (hereinafter "ZANDERS") and JAMES TEN (hereinafter "TEN"), as and for their complaint, by their attorneys the LAW OFFICES OF DAVID J. SUTTON, PLLC allege and state the following:

### INTRODUCTION

1. This is a proceeding for damages based upon the defendant's failure to pay overtime wages in violation of the Fair Labor Standards Act.

### JURISDICTION AND VENUE

2. The jurisdiction of the Court over this controversy is based upon 28 U.S.C. §1331, whereas the action arises under the Constitution, laws, or treaties of the United States.

3. Venue lies in the United States District Court for the Eastern District of New York under 28 U.S.C. §1391(b) as (1) the defendant resides in the County of Queens, City and State of New York and (2) the events or omissions giving rise to the claim occurred in the County of Queens, City and State of New York.

## THE PARTIES

4. At all times hereinafter mentioned, plaintiff ZANDERS was, and still is, an individual residing in the state of New York, and presently resides at 249 Beach 15th Street, Apt. 300R, Far Rockaway, New York 11691.

5. At all times hereinafter mentioned, plaintiff ZEN was an individual residing in the state of New York, and presently resides at 66 Village Drive, Dover, DE 19901.

6. At all times hereinafter mentioned, defendant MESIVTA CHAIM SHLOMO OF YESHIVA DARCHEI TORAH was, and still is, a religious organization duly organized and existing under the laws of the State of New York, and having a place of business at 257 Beach 17th Street, Far Rockaway, NY 11691.

7. At all times hereinafter mentioned, defendant CONGREGATION DARCHEI TORAH was, and still is, a religious organization duly organized and existing under the laws of the State of New York, and having a place of business at 257 Beach 17th Street, Far Rockaway, NY 11691.

8. At all times hereinafter mentioned, defendant YESHIVA DARCHEI TORAH, INC. was, and still is, a corporation duly organized and existing under the laws of the State of New York, and having a place of business at 257 Beach 17th Street Far Rockaway, NY 11691.

9. At all times hereinafter mentioned, defendant YESHIVA DARCHEI TORAH was, and still is, a corporation duly organized and existing under the laws of the State of New York, and having a place of business at 257 Beach 17th Street Far

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF ZANDERS

10. Plaintiff repeats, realleges and reiterates each and every allegation contained in paragraphs "1" through "9" with the same force and effect as if fully set forth herein.

11. That on February 1, 1998, defendants employed ZANDERS as a full-time employee and paid him wages on an hourly basis.

12. That during the time period spanning February 1, 1998 through May 16, 2003, defendants failed, neglected, and/or refused to pay overtime wages due and owing to ZANDERS.

13. That defendants' failure to pay overtime wages to ZANDERS constitutes a violation of the labor laws of the United States, to wit, 29 U.S.C. § 207 (a)(1) of the Fair Labor Standards Act of 1938, which requires payment of overtime wages at the rate of 1-1/2 times an employee's regular rate for all time worked in excess of forty (40) hours per week.

14. That defendants' failure to pay overtime wages to ZANDERS constitutes a violation of the Labor Law of the State of New York, to wit, Article 19, §§ 650 - 665 of the Minimum Wage Act and 12 N.Y.C.R.R. 142-2.2, which require payment of overtime wages at the rate of 1-1/2 times an employee's regular rate for all time worked in excess of forty (40) hours per week.

15. By reason of the foregoing, plaintiff ZANDERS has sustained damages of unpaid overtime wages in the approximate amount of TWENTY THOUSAND ($20,000.00) DOLLARS, plus interest.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF ZANDERS

16. Plaintiff repeats, realleges and reiterates each and every allegation contained in paragraphs "1" through "15" with the same force and effect as if fully set forth herein.

17. That defendants' failure, neglect and/or refusal to pay overtime wages was willful, intentional, and deliberate.

18. By reason of the foregoing, plaintiff ZANDERS is entitled to an additional amount of the unpaid overtime wages as liquidated damages, in the approximate amount of TWENTY THOUSAND ($20,000.00) DOLLARS.

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF TEN

19. Plaintiff repeats, realleges and reiterates each and every allegation contained in paragraphs "1" through "18" with the same force and effect as if fully set forth herein.

20. That on February 1, 1999, defendants employed TEN as a full-time employee and paid him wages on an hourly basis.

21. That during the time period spanning February 1, 1999 through August 2003, defendants failed, neglected, and/or refused to pay overtime wages due and owing to ZEN.

22. That defendants' failure to pay overtime wages to TEN constitutes a violation of the labor laws of the United States, to wit, 29 U.S.C. § 207 (a)(1) of the Fair Labor Standards Act of 1938, which requires payment of overtime wages at the rate of 1-1/2 times an employee's regular rate for all time worked in excess of forty (40) hours

per week.

23. That defendants' failure to pay overtime wages to TEN constitutes a violation of the Labor Law of the State of New York, to wit, Article 19, §§ 650 - 665 of the Minimum Wage Act and 12 N.Y.C.R.R. 142-2.2, which require payment of overtime wages at the rate of 1-1/2 times an employee's regular rate for all time worked in excess of forty (40) hours per week.

24. By reason of the foregoing, plaintiff TEN has sustained damages of unpaid overtime wages in the approximate amount of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS, plus interest.

### AS AND FOR A FOURTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF TEN

25. Plaintiff repeats, realleges and reiterates each and every allegation contained in paragraphs "1" through "24" with the same force and effect as if fully set forth herein.

26. That defendants' failure, neglect and/or refusal to pay overtime wages was willful, intentional, and deliberate.

27. By reason of the foregoing, plaintiff TEN is entitled to an additional amount of the unpaid overtime wages as liquidated damages, in the approximate amount of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS.

### AS AND FOR A FIFTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFFS ZANDERS AND TEN

28. Plaintiff repeats, realleges and reiterates each and every allegation contained in paragraphs "1" through "27" with the same force and effect as if fully set forth herein.

29. That, as a result of defendants' failure, neglect and/or refusal to pay overtime wages, ZANDERS and TEN retained the services of an attorney, THE LAW OFFICES OF DAVID J. SUTTON, PLLC, to collect the unpaid overtime wages.

30. That ZANDERS and TEN have incurred, and continue to incur, costs, expenses and attorney's fees in connection with the commencement and continuation of this action.

31. By reason of the foregoing, ZANDERS and TEN are entitled to recover the costs of this action and such reasonable attorneys fees as may be allowed by the Court.

**WHEREFORE**, plaintiffs GREGORY ZANDERS and JAMES TEN hereby demand judgment pursuant to the federal Fair Labor Standards of Act of 1938, Labor Law §§ 650-665 and 12 N.Y.C.R.R. 142-2.2, as follows:

(a) On the First Cause of Action, monetary damages in the amount of Twenty Thousand ($20,000.00) Dollars plus Interest;

(b) On the Second Cause of Action, liquidated damages in the amount of Twenty Thousand ($20,000.00) Dollars;

(c) On the Third Cause of Action, monetary damages in the amount of Twenty-Five Thousand ($25,000.00) Dollars plus Interest;

(d) On the Fourth Cause of Action, liquidated damages in the amount of Twenty Thousand ($25,000.00) Dollars;

(e) On the Fifth Caus of Action, the costs of this action and such reasonable attorneys fees as may be allowed by the Court;

  (f) Together with such other and further relief as may be just and proper.

Dated: Garden City, New York
    September 12, 2003

           LAW OFFICES OF
           DAVID J. SUTTON, PLLC

           _____
           David J. Sutton (DJS 2000)
           Attorney for Plaintiffs
           1205 Franklin Avenue
           Suite 320
           Garden City, New York 11530
           (516) 294-8797